GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for Defendant
By: REBECCA S. TINIO
Assistant United States Attorney
86 Chambers St, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2774
Facsimile: (212) 637-2702
Email: rebecca.tinio@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
NAACP LEGAL DEFENSE &                       )
EDUCATIONAL FUND, INC.                      )
                                            )
                        Plaintiff,          )
                                            )
            v.                              )           18 Civ. 4433 (VSB)
                                            )
UNITED STATES DEPARTMENT OF                 )           ANSWER
EDUCATION,                                  )
                                            )
                        Defendant.          )
_____)

       Defendant the United States Department of Education, by its attorney, Geoffrey S.

Berman, United States Attorney for the Southern District of New York, answers the complaint,

upon information and belief, as follows:

       1.      Paragraph 1 contains Plaintiff's characterization of the nature of this action and

the relief requested, to which no response is required, except that Defendant admits that Plaintiff

sent Defendant a request pursuant to the Freedom of Information Act ("FOIA") dated July 12,

2017.  To the extent this paragraph contains other factual allegations that may require an answer,

Defendant denies the allegations in Paragraph 1 of the complaint.

2.      Paragraph 2 consists of Plaintiff's characterization of the FOIA request at issue in this matter, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

3.      Paragraph 3 consists of Plaintiff's characterization of the FOIA request at issue in this matter, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

4.      Paragraph 4 sets forth Plaintiff's own characterizations of certain events, to which no response is required, except that Defendant admits that Department of Education ("DOE") employees had communications with Plaintiff regarding the FOIA request, and further admits that DOE has not completed its response to the FOIA request.  To the extent a response is required to the remaining allegations in Paragraph 4, Defendant respectfully refers the Court to the exhibits to the Complaint, which consist primarily of communications between DOE employees and Plaintiff regarding the FOIA request, for a complete and accurate statement of their contents.

5.      Paragraph 5 sets forth Plaintiff's own characterizations of certain events, to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph, except that Defendant respectfully refers the Court to the materials referenced in footnotes 1-5 in the Complaint for a complete and accurate statement of their contents.

6.      Paragraph 6 sets forth Plaintiff's own characterizations of certain events, to which no response is required.  To the extent a response is required, Defendant denies the allegations in

this paragraph, except that Defendant respectfully refers the Court to the materials referenced in footnotes 6-7 in the Complaint for a complete and accurate statement of their contents.

7.      Paragraph 7 sets forth Plaintiff's own characterizations of certain events, to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph, except that Defendant respectfully refers the Court to the materials referenced in footnotes 8-9 in the Complaint for a complete and accurate statement of their contents.

8.      Paragraph 8 sets forth Plaintiff's own characterizations of certain events, to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph, except that Defendant respectfully refers the Court to the materials referenced in footnote 10 in the Complaint for a complete and accurate statement of their contents.

9.      Paragraph 9 sets forth Plaintiff's own characterizations of certain events, to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph, except that Defendant respectfully refers the Court to the materials referenced in footnote 11 in the Complaint for a complete and accurate statement of their contents.

10.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 relating to Plaintiff's reasons for submitting the FOIA request at issue.  Defendant denies the remaining allegations in this paragraph.

11.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 relating to Plaintiff's characterization of the "salience" of the FOIA request.  The remaining allegations in this paragraph consist of Plaintiff's own characterizations of certain events, to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph, except that Defendant respectfully

refers the Court to the materials reference in footnotes 12-13 in the Complaint for a complete and accurate statement of their contents.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 relating to Plaintiff's view of the value of the documents sought by the FOIA request.  The remaining allegations in this paragraph consist of Plaintiff's own characterizations and speculations regarding certain events, to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 relating to Plaintiff's view of why "[t]his action is necessary."  The remaining allegations in this paragraph consist of Plaintiff's own characterizations of certain events, to which no response is required, except that Defendant admits that DOE employees had communications with Plaintiff regarding the FOIA request and respectfully refers the Court to the exhibits to the Complaint (which consist primarily of communications between DOE employees and Plaintiff regarding the FOIA request), for a complete and accurate statement of their contents.  Defendant further admits that DOE has not completed its response to the FOIA request.

14.     Paragraph 14 consists solely of Plaintiff's legal conclusions regarding jurisdiction, to which no response is required.

15.     The first sentence of Paragraph 15 consists solely of Plaintiff's legal conclusions regarding venue, to which no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     Admits the allegations in the first two sentences of Paragraph 17.  Two unnumbered paragraphs follow Paragraph 17, which consist of Plaintiff's legal conclusions and characterizations relating to the FOIA and certain cases, to which no response is required. Defendant respectfully refers the Court to the text of the FOIA and of the cases referenced in these unnumbered paragraphs, for a true and complete statement of their contents.

18.     Admits.

19.     Admits.

20.     Admits.

21.     Admits.

22.     Admits.

23.     Admits.

24.     Admits

25.     Admits.

26.     Admits.

27.     Admits

28.     Admits.

29.     Admits.

30.     Defendant admits the allegations in Paragraph 30, except the allegation regarding Plaintiff's own characterization of the lists referenced in this paragraph, to which no response is required.

31.     Admits.

32.     Admits.

33.     Admits.

34.     Admits.

35.     Admits.

36.     Admits.

37.     Admits.

38.     Admits.

39.     Defendant admits the allegations in Paragraph 39, except denies knowledge or information sufficient to form a belief as to the truth of the allegation referenced in the last sentence of this paragraph regarding Plaintiff's "repl[y] that same day."

40.     Admits.

41.     Defendant admits the allegations in Paragraph 41, except avers that Defendant's counsel has had communications with Plaintiff subsequent to the filing of the Complaint.

42.     Defendant denies the allegations in Paragraph 42, except admits that Defendant has not completed its response to the FOIA request.

43.     Paragraph 43 consists of Plaintiff's legal conclusions and characterizations relating to the FOIA and certain cases, to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph, and respectfully refers the Court to the text of the FOIA and of the cases referenced in this paragraph for a true and complete statement of their contents.

44.     Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 43 above.

45.     Paragraph 45 consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

46.     Paragraph 46 consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

47.     Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 46 above.

48.     Paragraph 48 consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph, except avers that Defendant has not completed its response to the FOIA request.

49.     Paragraph 49 consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

50.     Paragraph 50 consists of Plaintiff's own speculations regarding certain facts, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph, except avers that it has produced some records responsive to the FOIA request and that it has not completed its response to the FOIA request.

**Prayer for Relief**

1.     Paragraph 1 of Plaintiff's "Prayer for Relief" constitutes Plaintiff's requests for relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the requested relief, or any relief whatsoever.

2.      Paragraph 2 of Plaintiff's "Prayer for Relief" constitutes Plaintiff's requests for relief, to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the requested relief, or any relief whatsoever.

3.      Paragraph 3 of the Plaintiff's "Prayer for Relief" constitutes Plaintiff's requests for relief, to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the requested relief, or any relief whatsoever.

4.      Paragraph 4 of Plaintiff's "Prayer for Relief" constitutes Plaintiff's requests for relief, to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the requested relief, or any relief whatsoever.

5.      Paragraph 5 of Plaintiff's "Prayer for Relief" constitutes Plaintiff's requests for relief, to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the requested relief, or any relief whatsoever.

<u>AFFIRMATIVE AND/OR OTHER DEFENSES</u>

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied.  For further and separate answer, Defendant alleges as follows:

<u>FIRST DEFENSE</u>

The Complaint should be dismissed in whole or in part for failure to state a claim upon which relief can be granted.

<u>SECOND DEFENSE</u>

To the extent Plaintiffs have failed to exhaust available administrative remedies and do not satisfy the requirements of the constructive exhaustion doctrine, the complaint should be dismissed for failure to state a claim and/or for lack of subject matter jurisdiction.

## THIRD DEFENSE

Some or all of the documents requested in Plaintiff's FOIA request are exempt from disclosure under FOIA.  *See* 5 U.S.C. § 552(b).

## FOURTH DEFENSE

Some or all of the documents requested in Plaintiff's FOIA request are exempt from disclosure under the Privacy Act.  *See* 5 U.S.C. § 552a.

## FIFTH DEFENSE

Defendant has exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to process the FOIA Request.  *See* 5 U.S.C. § 552(a)(6)(C).

## SIXTH DEFENSE

The Complaint should be dismissed to the extent that a search for responsive agency records would significantly interfere with the operation of Defendant's automated systems.  *See* 5 U.S.C. § 552(a)(3)(C).

## SEVENTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

## EIGHTH DEFENSE

Plaintiff is not entitled to expedited processing under 5 U.S.C. § 552(a)(6)(E).

## NINTH DEFENSE

Plaintiff is not entitled to declaratory relief.  *See* 5 U.S.C. § 552(a)(4)(B).

## TENTH DEFENSE

Plaintiff is not entitled to attorney's fees or costs.

ELEVENTH DEFENSE

Plaintiff's FOIA requests do not reasonably describe the records sought, and therefore do not comply with FOIA and/or do not trigger a search or production obligation.

TWELFTH DEFENSE

Plaintiffs are not entitled to a fee waiver under 5 U.S.C. § 552(a)(4)(A).

THIRTEENTH DEFENSE

Plaintiffs' FOIA requests are not enforceable under FOIA to the extent a reasonable search cannot be undertaken to identify and locate all responsive records.

Defendants may have additional defenses which are not known at this time but which may become known through further proceedings.  Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

Dated:        New York, New York
              July 25, 2018

                              Respectfully submitted,
                              GEOFFREY S. BERMAN
                              United States Attorney
                              *Attorney for Defendant*

                      By:     */s/ Rebecca S. Tinio*
                              REBECCA S. TINIO
                              Assistant United States Attorney
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Telephone: (212) 637-2774
                              Facsimile:  (212) 637-2702
                              E-mail:rebecca.tinio@usdoj.gov