

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

October 12, 2018

**BY ECF**
The Honorable Vernon S. Broderick
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

          Re:   *NAACP Legal Defense & Educational Fund, Inc. v. United States Department of Education*, No. 18 Civ. 4433 (VSB)

Dear Judge Broderick:

      We write respectfully on behalf of the parties in the above-referenced matter pursuant to the Court's Order dated September 18, 2018 (Dkt. No. 20), and in anticipation of the initial pretrial conference scheduled for **October 19, 2018, at 10:30 a.m**. Because this is an action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), we understand Local Civil Rule 16.1 to exempt it from the requirement of a mandatory scheduling order contained in Fed. R. Civ. P. 16(b). Moreover, the parties contemplate that the traditional case management structure set forth in the Court's template Civil Case Management Plan is not necessary in this case, because we expect that this matter, like most FOIA matters, will be resolved on cross-motions for summary judgment without the need for discovery.[1] *See, e.g.*, *Wood v. F.B.I.*, 432 F.3d 78, 84 (2d Cir. 2005) ("'[D]iscovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face,' and a district court may forgo discovery and award summary judgment on the basis of submitted affidavits or declarations.") (citing cases).

      Since the initiation of this lawsuit, however, the parties have conferred regarding both the scope of the Government's searches in response to Plaintiff's FOIA requests, and also a plan and timeframes for the progress of this action. The Government has completed its initial searches in response to Plaintiff's FOIA requests and has made one release of

---

[1] One issue that the Court's Civil Case Management Plan addresses that does not relate to a schedule for discovery is whether all parties consent to conducting all further proceedings before a United States Magistrate Judge. All parties consent to conducting all further proceedings before a United States Magistrate Judge.

Hon. Vernon S. Broderick
October 12, 2018
Page 2

responsive records to Plaintiff, totaling 494 pages released in full or in part. The Government is currently reviewing the remaining search results (which total over 14,000 pages) for responsiveness, and also processing responsive documents for possible release or for the application of FOIA exemptions.

The parties have discussed a plan and timeframe for the Government's review and release of responsive records. Accordingly, the parties jointly and respectfully request the Court's endorsement of the following proposed deadlines in this action:

- The Government will make one release of responsive records, totaling at least 500 pages, to Plaintiff per month;

- No later than February 15, 2019, the parties will confer regarding the progress of the case and will provide a further status update to the Court.

If the Court endorses the deadlines proposed above, the parties jointly and respectfully request that the initial conference scheduled for October 19, 2018, be adjourned to a set date shortly following the parties' submission of the February 15, 2019 status report. This is the parties' first request for an adjournment of this conference. Of course, if the Court wishes the parties to appear on October 19, 2018, notwithstanding this joint proposal, the parties would be happy to do so.

The following is a brief discussion of the other issues addressed in the Court's Order of September 18, 2018.

1. Brief Description of the Case

Plaintiff's Position. Plaintiff sent its FOIA request to the Department of Education ("DOE"), seeking records from its Office for Civil Rights, on July 12, 2017. Despite repeated attempts to facilitate the production of the requested records, DOE failed to provide Plaintiff with a determination regarding its FOIA request, necessitating the filing of this action over nine months after Plaintiff sent the initial request. Upon the filing of this lawsuit, the parties have conferred, and Defendant has indicated that it will respond to Plaintiff's FOIA request by producing, at a minimum, several hundred pages of documents. Plaintiff is unaware of the content of these documents or the degree of redaction involved. However, the parties have conferred and reached agreement regarding the scope of the searches to be conducted and a general schedule for the production of documents. Although Plaintiff is encouraged by these initial steps, Plaintiff remains concerned that almost fifteen months after it sent its original request, Defendant has not set a certain date by which it will complete its response.

Defendant's Position. In response to Plaintiffs' FOIA requests, the Government conducted diligent and reasonable searches for non-privileged, responsive documents, and also met and conferred with Plaintiffs regarding the scope of the Government's searches.

Hon. Vernon S. Broderick
October 12, 2018
Page 3

Well over 14,000 pages of responsive documents were located as a result of these searches. The Government will process these documents to determine whether any information should be withheld pursuant to applicable exemptions to FOIA or pursuant to the Privacy Act, pursuant to the process and deadlines proposed above, and remains available to confer with Plaintiffs about the progress of this matter and of the agency's releases.

2. Jurisdiction and Venue

No party contests venue or the Court's jurisdiction over this matter.

3. Contemplated Motions

There are no currently outstanding motions. The parties anticipate that if the case is not resolved consensually, one or both of the parties will file summary judgment motions.

4. Discovery

No discovery has taken place and none is contemplated, since, as noted above, discovery is the exception rather than the rule in FOIA matters, which are generally resolved on the basis of agency affidavits or declarations. *See, e.g.*, *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (because "[a]ffidavits or declarations supplying facts indicating that the agency has conducted a thorough search . . . are sufficient to sustain the agency's burden," a district court may "forgo discovery and award summary judgment on the basis of affidavits" in FOIA cases); *Long v. Office of Personnel Mgmt.*, 692 F.3d 185, 190 (2d Cir. 2012) ("In resolving summary judgment motions in a FOIA case, a district court proceeds primarily by affidavits in lieu of other documentary or testimonial evidence"). If any issue arises with respect to discovery in this matter, the parties agree to notify the Court and to seek the Court's assistance if necessary.

5. Prospect of Settlement

The parties have conferred about the scope of the Government's searches and about a plan and timeframes for the progress of this case, but have not otherwise engaged in settlement negotiations. Both parties are prepared to engage in such negotiations as the case progresses, as appropriate.

6. Trial

The parties do not anticipate a trial in this matter since, as noted above, FOIA cases are generally resolved by summary judgment motions.

We thank the Court for its consideration of this matter.

Hon. Vernon S. Broderick
October 12, 2018
Page 4

            Respectfully,
            GEOFFREY S. BERMAN
            United States Attorney

By: */s/ Rebecca S. Tinio*
    REBECCA S. TINIO
    Assistant United States Attorney
    86 Chambers Street, 3rd Floor
    New York, New York 10007
    Tel. (212) 637-2774
    Fax (212) 637-2702

cc (via ECF): All counsel of record